# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 593 | **DATE** | 2/29/2012 |
| **CASE TITLE** | Hollie Lundahl vs. Allstate Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff has failed to meet her burden to show that this court has subject matter jurisdiction in the instant action, and the instant action is dismissed. Plaintiff may file a motion to reinstate within 28 days and such motion to reinstate should include proper jurisdictional allegations that show that this court has subject matter jurisdiction. All pending dates and motions, if any, are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Hollie Lundahl's (Lundahl) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.*

Since Lundahl is proceeding *pro se*, the court will liberally construe her complaint and make reasonable inferences in her favor. Lundahl indicates in her complaint that this court has federal question and diversity subject matter jurisdiction. (Compl. Par. 1). Lundahl includes only one federal claim brought pursuant to the federal Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1341. (Compl. Par. 2). The other claims brought by Lundahl in this case are all brought pursuant to Idaho state law. Lundahl fails to allege facts that would suggest a pattern of racketeering activity or conduct that would violate RICO. (Compl. Par. 28). Although Lundahl alleges that Defendant Allstate Corporation (Allstate) engaged in mail fraud and extortion, the instant action involves a contractual dispute over coverage under an insurance policy. Lundahl has not alleged facts to show mail fraud, extortion, or a pattern of racketeering activity that would be sufficient to support a RICO claim. *See Williams v. Aztar Indiana Gaming Corp.*, 351

**STATEMENT**

F.3d 294, 298-99 (7th Cir. 2003)(explaining requirements for a RICO claim). The Seventh Circuit has indicated that a plaintiff cannot add a RICO theory to what is essentially a state law dispute in order to obtain federal subject matter jurisdiction and move the dispute to federal court. *Id.* (indicating that if a "RICO theory is *so* feeble, so transparent an attempt to move a state-law dispute to federal court . . . it does not arise under federal law at all")(internal quotations omitted). Lundahl has not shown that federal question subject matter jurisdiction exists in this case. Lundahl also contends that there is diversity subject matter jurisdiction in this case. However, Lundahl fails to provide the necessary jurisdictional information in her complaint relating to Allstate such as its principal place of business. (Compl. Par. 3); 28 U.S.C. § 1332(c). Lundahl also fails to state her state of citizenship, merely indicating instead where she resides. (Compl. Par. 3). *See Guaranty Nat. Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996)(stating that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit"). Lundahl has thus failed to meet her burden to show that this court has subject matter jurisdiction in the instant action, and the instant action is dismissed. Lundahl may file a motion to reinstate within 28 days and such motion to reinstate should include proper jurisdictional allegations that show that this court has subject matter jurisdiction.

The court also notes that even if this action is reinstated, Lundahl asserts in her complaint that she resides in Idaho, that this case involves an auto insurance policy that is governed by Idaho state law, that the events in question occurred in Idaho, that the contracts of insurance were signed in Idaho, and that Allstate breached its duties in Idaho. (Compl. Par. 3, 9). If the instant action is reinstated, once Allstate is properly served with the complaint, Lundhal may need to address why the instant action should not be transferred to federal court in Idaho pursuant to 28 U.S.C. § 1404(a) in the interest of justice and for the convenience of the parties and witnesses.