# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 593 | **DATE** | 5/9/2012 |
| **CASE TITLE** | Hollie Lundahl vs. Allstate Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reinstate [6] is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiff Hollie Lundahl's (Lundahl) motion to reinstate. On February 29, 2012, the court dismissed the instant action since Lundahl failed to provide the necessary jurisdictional information in her complaint to show that this court has diversity subject matter jurisdiction. The court gave Lundahl leave to file a motion to reinstate within 28 days and the court indicated that such motion to reinstate should include proper jurisdictional allegations that show that this court has subject matter jurisdiction. The deadline for filing the motion to reinstate passed and no such motion was filed by Lundahl. On April 4, 2012, Lundahl filed the instant motion, seeking to reinstate the instant action and to amend the complaint to include an additional state law claim and an additional defendant. Lundahl's motion to reinstate is denied as untimely.

    The court also notes that Lundahl's proposed amended complaint, which adds as an additional defendant the President of Defendant Allstate Corporation, still has failed to provide the proper jurisdictional allegations. Lundhal alleges that the President has his "principle place of business in the city of Dearborne Illinois." (Mot. Reinst. 2). However, the citizenship of an individual for diversity purposes is not dependent upon where the individual's employer has its principal place of business. *See Heinen v. Northrop Grumman*

|  STATEMENT  |
|---|
| *Corp.*, 671 F.3d 669, 670 (7th Cir. 2012)(stating that for an individual party "residence may or may not demonstrate citizenship, which depends on domicile"). |
|     In addition, the court notes that Lundhal makes certain references in the motion to reinstate to a "sua sponte recommended transfer of the action to Idaho." (Mot. Reinst. 2). The court merely commented in its prior ruling as to the fact that this case has certain connections with Idaho. The court made no ruling concerning the propriety of a transfer of this action to Idaho. |