# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 593 | **DATE** | 6/19/2012 |
| **CASE TITLE** | Hollie Lundahl vs. Allstate Corporation, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motions to reinstate [8], [10] are granted. The instant action is hereby ordered reinstated. Plaintiff's motions for leave to proceed *in forma pauperis* and for leave to file her first amended complaint instanter [8], [10] are granted. The U.S. Marshal is hereby appointed to serve summons and first amended complaints on Defendants. Plaintiff's motions for recusal [8], [10] are denied. Plaintiff's motion to appear telephonically [11] is denied as moot. Initial status hearing set for 07/25/12 at 9:00 a.m. Plaintiff is warned that failure to appear on a Court's noticed hearing, may result in the dismissal of the action for want of prosecution pursuant to Local Rule 41.1.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Hollie Lundahl's (Lundahl) *pro se* motions (DE 8, 10, 11). On February 29, 2012, the court dismissed the instant action since Lundahl failed to provide the necessary jurisdictional information in her complaint to show that this court has diversity subject matter jurisdiction. The court gave Lundahl leave to file a motion to reinstate within 28 days, and the court indicated that such motion to reinstate should include proper jurisdictional allegations that show that this court has subject matter jurisdiction. The deadline for filing the motion to reinstate passed and no such motion was filed by Lundahl. On April 4, 2012, Lundahl filed a motion to reinstate and the court denied the motion since it was untimely and Lundahl had still failed to provide proper jurisdictional allegations.

Lundahl requests in the instant motions that the court reinstate the instant action. Lundahl contends that some of her filings were not properly entered on the court docket by the Clerk of Court. (DE 8, 8). Since Lundahl is proceeding *pro se* and it appears that she has been having difficulties properly filing documents on the court docket, and Lundahl has now provided proper jurisdictional allegations that indicate that this court has subject matter jurisdiction, the court will reinstate the instant action. In addition, Lundahl requests that the court recuse itself, but Lundahl has not provided any justification for a recusal other than her

**STATEMENT**

dissatisfaction with the court's earlier proper rulings. Therefore, the motion to recuse is denied. Lundahl also requests leave to proceed *in forma pauperis* and leave to file her first amended complaint instanter, and those requests are granted. Finally, the court notes that Lundahl also requests, in the alternative, that she be allowed to appear via telephone if the motion to reinstate is not granted based upon the filings. Lundahl's alternate motion to appear telephonically is moot since the court has reinstated this action. In addition, this court does not permit telephonic appearances. However, the court notes that Lundahl proceeding *pro se* is having difficulty to appear in Chicago to prosecute this matter. That is exactly what the court commented upon in its prior ruling. If Lundahl believes that she would be best able to prosecute this matter in Idaho, it will be up to Lundahl to file to proper motion to transfer the case if she believes that a transfer is appropriate. The court will rule on such motion, if any, after reviewing the other party's position. The initial status hearing in this case is set for July 25, 2012, at 9:00 a.m.